# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| WISLANDI ESCOBAR CASTEJON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 6:26-cv-03049-RK |
| ) | |
| KRISTI NOEM, SECRETARY OF ) | |
| HOMELAND SECURITY; et al.; ) | |
| ) | |
| Respondents. ) | |

## ORDER

Petitioner Wislandi Escobar Castejon is currently being held in custody of the U.S. Department of Homeland Security, Immigration and Customs Enforcement at the Greene County Justice Center in Springfield, Missouri. Petitioner entered the United States without legal authorization over three years ago.[1] On January 16, 2026, Petitioner was taken into custody by federal immigration authorities when he attended a check-in at an ICE office. Petitioner has been detained without a bond hearing, pending removal proceedings. Federal Respondents[2] argue in an abbreviated show-cause response brief that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). (*See generally* Doc. 6.) Petitioner argues, *inter alia*, that as a matter of statutory interpretation he is not subject to mandatory detention pending removal under § 1225(b)(2)(A) but is instead subject to discretionary detention under 8 U.S.C. § 1226(a), which requires a bond hearing.

Title 28 U.S.C. § 2241 authorizes federal courts to grant a writ of habeas corpus on application of a person (including an alien unlawfully in the United States) held "in custody in violation of the Constitution or laws or treaties of the United States." *See Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). As Federal Respondents acknowledge, this habeas petition primarily raises

---

[1] After entering the United States in June 2022, Petitioner was released on parole and timely filed an asylum application. (Doc. 1 at ¶ 23.) Petitioner later received an employment authorization document allowing him to legally work in the United States. (*Id.* at ¶ 5.) The status of Petitioner's asylum application is not clear from the habeas record filed in this case.

[2] "Federal Respondents" refers to Kristi Noem, Secretary of Homeland Security, and Samuel Olsen, Field Office Director, Chicago Field Office, Immigration and Customs Enforcement. Respondent Greene County Sheriff James Arnott, named in his official capacity, did not file a show-cause response.

a question of law (specifically, a question of statutory interpretation under the Immigration and Nationality Act) that this Court, among many other district courts, has recently addressed. The Court, consistent with other district judges in the Western District, has rejected the federal government's interpretation of § 1225(b)(2)(A) and has held that for persons like Petitioner who have previously entered the United States unlawfully and remained for some time, if detained pending removal proceedings, the controlling detention statute is § 1226(a), and therefore a bond hearing is required. *See, e.g.*, *Vega v. Arnott*, No. 6:26-cv-3097-MDH, 2026 WL 482906, at *2-6 (W.D. Mo. Feb. 20, 2026); *Francisco v. Arnott*, No. 25-03377-CV-S-BP, 2025 WL 3754231, at *3-5 (W.D. Mo. Dec. 29, 2025); *Escoto v. Arnott*, No. 25-cv-03364-BCW, doc. 6 (W.D. Mo. Dec. 17, 2025) (slip op.); *Flores-Espinoza v. Arnott*, No. 4:25-cv-00791-RK, doc. 8 (W.D. Mo. Dec. 1, 2025) (slip op.); *Hernandez-Cuevas v. Olson*, No. 4:25-cv-00830-BP, doc. 10 (W.D. Mo. Nov. 5, 2025) (slip op.).[3]

Based on the plain text and meaning of the relevant statutes, the Court finds as a matter of law, consistent with the prior orders referenced above, that the Immigration and Nationality Act

---

[3] The Eighth Circuit has not yet decided this issue. The Court of Appeals held oral argument on February 19, 2026, in *Avila v. Bondi*, No. 25-3248, raising this legal question in a habeas case currently on appeal. Of the two Courts of Appeals to have considered the issue, the Seventh Circuit has rejected the federal government's interpretation, *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1050-62 (7th Cir. 2025), and the Fifth Circuit has largely adopted the federal government's interpretation, *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330, at *4-10 (5th Cir. Feb. 6, 2026).

The majority view among district courts, including of district courts in the Eighth Circuit, adopts the same conclusion as this Court and rejects the federal government's interpretation of § 1225(b)(2)(A) as the controlling detention provision in similar habeas cases. *See, e.g., Angel-Becerril v. Noem*, No. 4:26CV3031, 2026 WL 446455 (D. Neb. Feb. 17, 2026); *Riky A.M.L. v. Bondi*, No. 26-1429 (JRT/JFD), 2026 WL 452419 (D. Minn. Feb. 17, 2026); *Yanchaliquin v. Bondi*, No. 8:25CV743, 2026 WL 412453 (D. Neb. Feb. 13, 2026); *Singh v. Easterwood*, No. 4:26CV3033, 2026 WL 381898 (D. Neb. Feb. 11, 2026); *Alex H. v. Bondi*, No. 26-CV-1255 (JMB/DTS), 2026 WL 381688 (D. Minn. Feb. 11, 2026); *Victor O. v. Bondi*, No. 26-CV-1122 (ECT/LIB), 2026 WL 392428 (D. Minn. Feb. 11, 2026); *Singh v. McDaniel*, No. C26-0003-LTS, 2026 WL 369757 (N.D. Iowa Feb. 10, 2026); *Miguel T.G. v. Bondi*, No. 26-CV-243 (NEB/ECW), 2026 WL 172722 (D. Minn. Jan. 22, 2026); *Victor S.M. v. Noem*, No. 26-400 (DWF/EMB), 2026 WL 161445 (D. Minn. Jan. 21, 2026); *Sara G. v. Bondi*, No. 26-335 (DSD/DJF), 2026 WL 163000 (D. Minn. Jan. 21, 2026); *Beltran v. Bondi*, No. 25-04604 (MJD/DTS), 2025 WL 3719856 (D. Minn. Dec. 23, 2025); *Hugo v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074 (D. Minn. Dec. 19, 2025); *Alvarez v. Lyons*, No. 8:25-CV-672, 2025 WL 3564733 (D. Neb. Dec. 12, 2025); *Ramirez-Ramirez v. Beuter*, No. 25-CV-185-CJW-MAR, 2025 WL 3499057 (N.D. Iowa Dec. 5, 2025); *Leonel V.F. v. Bondi*, No. 25-CV-4474 (PJS/LIB), 2025 WL 3485600 (D. Minn. Dec. 4, 2025); *Adonay E.M. v. Noem*, __ F. Supp. 3d __, 2025 WL 3157839 (D. Minn. Nov. 12, 2025); *Mayamu K. v. Bondi*, No. 25-3035 (JWB/LIB), 2025 WL 3641819 (D. Minn. Oct. 20, 2025); *Barrajas v. Noem*, No. 4:25-cv-00322-SHL-HCA, 2025 WL 2717650 (S.D. Iowa Sept. 23, 2025); *Marcelo v. Trump*, 801 F. Supp. 3d 807 (S.D. Iowa Sept. 10, 2025).

does not authorize Petitioner's mandatory detention under 8 U.S.C. § 1225(b)(2)(A). Instead, the relevant and applicable detention provision is 8 U.S.C. § 1226(a). Accordingly, Petitioner is lawfully entitled to bond consideration as an alien detainee in custody of federal immigration authorities pending final resolution of the removal proceedings instituted against him. The Court therefore **ORDERS** that the Petition for Writ of Habeas Corpus, (Doc. 1), is **GRANTED** in this regard. The Court **FURTHER ORDERS** that Petitioner be released or granted a bond hearing within 10 days of the date of this Order.

    **IT IS SO ORDERED**.

                                                  s/ Roseann A. Ketchmark
                                                  ROSEANN A. KETCHMARK, JUDGE
                                                  UNITED STATES DISTRICT COURT

DATED: February 24, 2026