# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| WISLANDI ESCOBAR CASTEJON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:26-cv-03049-RK |
| | ) | |
| KRISTI NOEM, SECRETARY OF | ) | |
| HOMELAND SECURITY; SAMUEL | ) | |
| OLSEN, FIELD OFFICE DIRECTOR, | ) | |
| CHICAGO FIELD OFFICE ICE; AND | ) | |
| JAMES ARNOTT, AS SHERRIFF, | ) | |
| GREENE COUNTY JAIL; | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Petitioner Wislandi Escobar Castejon's post-judgment motion to enforce the Court's Order, (Doc. 8), granting habeas relief. (Doc. 10.) The motion to enforce is fully briefed. (Docs. 12, 13.) After careful consideration and review, and for the reasons explained below, the Court **ORDERS** that the motion to enforce is **DENIED**.

### Background and Procedural Posture

Petitioner is currently detained in the custody of federal immigration authorities at the Greene County Justice Center in Springfield, Missouri. Petitioner is a native and citizen of Venezuela. He was detained and held without a bond hearing under the Immigration and Nationality Act as being present in the United States illegally or without legal authorization, pending removal proceedings. On January 30, 2026, Petitioner filed a petition for writ of habeas corpus challenging his detention without a bond hearing. (Doc. 1.) Petitioner raised two claims for release from detention or a bond hearing before an Immigration Judge: (1) Petitioner challenged the constitutionality of his detention and his detention without bond under the Due Process Clause, and (2) Petitioner challenged the legality of his detention without a bond hearing under the Immigration and Nationality Act.

On February 24, 2026, the Court granted habeas relief, finding that Petitioner's detention without a bond hearing was unlawful under the Immigration and Nationality Act. (Doc. 8.) Specifically, consistent with the then-prevailing caselaw of both district courts within this circuit

and federal courts nationwide, the Court held that 8 U.S.C. § 1225(b)(2)(A)—and not 8 U.S.C. § 1226(a)—applied to Petitioner's detention as a matter of law and statutory interpretation. Accordingly, the Court ordered that "Petitioner be released or granted a bond hearing within 10 days of the date of this Order." (*Id.* at 3.) The Court—consistent with Federal Respondents' suggestion, (Doc. 6 at 3)—therefore did not further address or consider Petitioner's due process challenge to his detention or his detention without bond.

On the next day, February 25, 2026, the following occurred in Petitioner's immigration case:

(1) Petitioner filed a Bond Redetermination Request;

(2) the Immigration Court issued a "Notice of Custody Redetermination Hearing in Immigration Proceedings" that a "custody redetermination hearing" before an Immigration Judge was scheduled in Petitioner's case for the same day at 1:00 PM,[1] (Doc. 10-2); and

(3) the Immigration Judge held the hearing and denied Petitioner release on bond, (Doc. 10-3).

The Immigration Judge denied Petitioner's request for release on bond, finding that:

> The respondent has not proven that he is not a danger to the community. The record includes evidence that he was arrested for domestic violence. He claims that he was ordered to perform community service. The Court otherwise has very little evidence in the record to make an assessment on this incident. [Mr. Castejon] entered the United States illegally and has since been arrested for a crime of violence. Additionally, the Court finds [Mr. Castejon] is subject to custody under the Laken Riley Act. INA Sec. 236(c).

(Doc. 10-3 at 3.) The Immigration Judge further noted that while Petitioner "claims that he completed anger management" and "claims that he has letters from friends tending to show that he is not a danger to the community," neither of those records were "in the file." (*Id.*) The Immigration Judge thus concluded that Petitioner "has not carried his burden to prove that he is not a danger to the community," and therefore denied Petitioner's request for release on bond. (*Id.*)

Judgment was entered in this habeas case on February 26, 2025. (Doc. 9.)

Four days later, on March 2, 2026, Petitioner filed the instant motion to enforce. (Doc. 10.) In the motion to enforce, Petitioner argues that the bond redetermination hearing was inconsistent

---

[1] It appears that Petitioner had previously been scheduled to appear before the Immigration Court on February 25, 2026, "for his removal proceedings master calendar hearing," which is an initial procedural hearing in Petitioner's immigration case. (Doc. 10 at 1.) *See* 8 C.F.R. § 1240.10.

with the Due Process Clause, both as a direct challenge to the proceeding itself and because of the extraordinarily short notice (less than 24 hours) provided to Petitioner prior to the bond redetermination hearing.

While Petitioner's motion to enforce was being briefed, the Eighth Circuit issued its opinion in *Avila v. Bondi*, __ F.4th __, 2026 WL 819258 (8th Cir. Mar. 25, 2026). In *Avila*, the Eighth Circuit held in a habeas case that as a matter of law and statutory interpretation, the federal government may detain aliens who are present within the United States and who have previously entered the United States illegally or without legal authorization under 8 U.S.C. § 1225(b)(2)(A), that is, without bond. The Eighth Circuit in *Avila* only addressed the legality of the habeas petitioner's detention as a matter of statutory authority and statutory interpretation and did not consider a specific due process challenge to such detention. *See id.* at *8 n.8 (J. Erickson, dissenting).

Accordingly, following *Avila*, the Government asserts in its response to Petitioner's motion to enforce, *inter alia*, that (1) *Avila* makes clear that in the Eighth Circuit, Petitioner is not entitled to a bond hearing and may be detained without bond under the Immigration and Nationality Act, codified at 8 U.S.C. § 1225(b)(2)(A), as a matter of law and statutory interpretation, and (2) the bond redetermination hearing did comply with the Court's habeas order because a bond hearing was held "within 10 days" of the Court's order. (*See generally* Doc. 12.)

## Discussion

The Court has a significant concern whether the bond redetermination hearing in this case—held almost exactly 24 hours after the Court's habeas order requiring a bond hearing and with mere hours' notice of the hearing to Petitioner, if at all—comports with the fundamental fairness and notice requirements of the Due Process Clause, and is therefore consistent or in compliance with the Court's habeas order. *See Wolff v. McDonnell*, 418 U.S. 539, 564 (1974) (holding that due process requires both "written notice" and "a brief period of time after the notice, no less than 24 hours" to allow an inmate to prepare for a disciplinary hearing; recognizing that "[p]art of the function of notice is to give the charged party a chance to marshal the facts in his defense and to clarify what the charges are, in fact"); *cf. Hughes v. Lee Cty. Dist. Ct., Ft. Madison, IA*, 9 F.3d 1366, 1367 (8th Cir. 1993) (finding no due process violation where "[p]etitioner received notice of the disciplinary actions against him at least twenty-four hours before his disciplinary hearings, as constitutionally required under" *Wolff*). Federal Respondents do not meaningfully

3

attempt to argue that the bond redetermination hearing provided under the extraordinarily compressed timeframe comports with due process notice requirements. Federal Respondents' suggestion that the short-notice hearing was consistent with the Court's habeas order because it occurred "within 10 days" is accordingly not well taken. Surely, the Court's habeas order cannot reasonably be understood to permit a bond hearing that did not comport with the basic fairness and notice requirements of procedural due process required by the U.S. Constitution.

Nevertheless and notwithstanding, the Eighth Circuit's intervening opinion in *Avila*, after the Court's habeas order and judgment was entered in this case, has necessarily changed the legal landscape within which Petitioner's motion to enforce must be considered. Under *Avila*, Petitioner may (at least as a matter of statutory authority under the Immigration and Nationality Act) be lawfully detained without a bond hearing pursuant to 8 U.S.C. § 1225(b)(2)(A). In other words, following *Avila*, Petitioner is not entitled to a bond hearing under the Immigration and Nationality Act.

To be sure, Petitioner did raise a separate constitutional due process challenge to his detention and his detention without bond in this habeas action (and which was not directly addressed by the Eighth Circuit in *Avila*). Consistent with the pre-*Avila* approach taken by other district courts in the Western District and this circuit, the Court granted Petitioner's habeas petition only on the basis of the statutory authority question. The Court did not consider (or grant habeas relief based on) Petitioner's separate due process argument.

Under these circumstances, the Court finds that Petitioner's motion to enforce is not the proper vehicle to address or consider Petitioner's due process challenge arising from the bond redetermination hearing. Nor is Petitioner's motion to enforce the proper vehicle to address Petitioners' due process challenge to his detention/detention without bond as an alternative argument asserted in the habeas petition but which the Court did not previously address because it granted habeas relief on another ground (which question of law or statutory interpretation the Eighth Circuit then squarely addressed in *Avila*).[2]

---

[2] Other avenues may exist to pursue and present Petitioner's due process challenges, whether in the underlying administrative immigration case, through another habeas petition, or through another procedural mechanism under the Federal Rules of Civil Procedure. At the immediate juncture, the only relief Petitioner seeks is to enforce the Court's habeas order. The Court merely finds here that in light of *Avila*, a motion to enforce is not the proper vehicle to address these due process challenges.

4

**Conclusion**

After careful consideration and review, and for the reasons explained above, Petitioner's motion to enforce is **DENIED**.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: April 13, 2026

5